ALBANY,
Oct. 1827.

Child
v.
The Same.

---

[*513]

A circuit judge has an absolute authority to hold circuits in any part of the state.

## *CHILD *against* THE SAME.*

THIS cause was tried at the same circuit with the preceding one, WALWORTH, C. Judge, presiding, on the 22d of October, 1827. EDWARDS, C. Judge of the first circuit,

Nor is it an objection that circuits both on the law and equity side, are holden at the same time in the same circuit.

was, on the same day, engaged in holding his stated equity term of that circuit. The jury found for the plaintiff.

And now, in addition to the objections raised in the last cause, on motion in behalf of the defendants to set aside the proceedings.

*J. Hoyt* objected that circuits for hearing causes both at law and in equity cannot be held in the same circuit on the same day.

He also insisted that the circuit judge of the 4th circuit had no power in this case to hold a circuit for the 1st; it appearing affirmatively that the judge for the latter circuit was able to hold the circuit on the law side, from the circumstance that he was actually engaged at his equity term. He relied on the statute, (sess. 46, ch. 182, s. 7,) which authorizes a judge from a circuit other than that for which he is appointed, to preside only in case of the death, resignation, removal, or inability of the domestic judge.

*S. A. Foot,* contra, denied that the statute meant absolute inability. He said, a general inability, arising from other engagements, &c., to be determined by the circuit judges concerned, was sufficient. Their determination is conconclusive. It would be intolerable that the parties should be allowed to interfere in this way with the arrangements of the judges, and interrupt the progress of public business, because the judges are not able or willing to follow them, and sustain the proceedings at their circuits, by proof that a case had arisen within the statute.

But in truth, the statute has nothing to do with this power. Each of the circuit judges have an absolute right to *hold courts in any circuit of the state. Their power on this head is conferred by the constitution, (Art. 5, s. 5;) and is the same as that of a judge of this court. The legislature cannot restrict this power.

*Curia.* The constitution, (Art. 5, s. 5,) declares that the circuit judges shall respectively possess the powers of a justice of the supreme court at chambers, and in the trial

ALBANY,
Oct. 1827.

Child
v.
The Same.

[*514]

of issues joined in the supreme court, and in courts of oyer and terminer and jail delivery. A justice of the supreme court, at that time, and since, had unqualified authority to hold circuits in any part of the state. This explicit provision of the constitution is paramount to any legislative enactment.; and renders it unnecessary for us to give a contruction to the statute, (sess. 46, ch. 182, s. 7,) relied on by the counsel for the defendants.

The objection that an equity court was held at the same time and for the same circuit, is an objection of mere expediency or convenience, of which the circuit judges are the proper and exclusive arbiters; and which, therefore, cannot affect the regularity of the proceedings.

Motion denied with costs.